IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:05-605-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Ervan Harvey, Jr.,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion to vacate filed in this court pursuant to 28 U.S.C. § 2255. For the reasons stated below, the court **grants** the Government's motion for summary judgment except as to a portion of Defendant's first ground for relief.

**Background**

On June 8, 2005, Defendant was charged as being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). Defendant thereafter entered into a plea agreement with the Government, and appeared before this court and pleaded guilty on September 29, 2005. Defendant's plea agreement contained a conditional waiver of his rights of direct appeal and post-conviction relief under § 2255, contingent upon the Government filing a motion for downward departure at sentencing. *See* Plea Agreement at ¶ 16 (Dkt. # 31, filed Sept. 28, 2005). The Government did not file such a motion at sentencing; therefore, the waiver was void.

On February 17, 2006, Defendant was sentenced to 180 months' imprisonment, to be followed by five years' supervised release, and a $100 special assessment. This court advised

_____

[1]The indictment indicates Defendant's full name to be "Ervan Matthew Harvey, Jr." However, Defendant indicated during his Rule 11 hearing that his full name is "Ervan Harvey, Jr."

1

Defendant of his appeal rights and the time period in which an appeal, if he so desired, was to be filed. *See* Tr. of Sentencing Hrg. at 9-10 (Dkt. # 51, filed May 9, 2007).

Defendant did not file a direct appeal. On February 15, 2007, Defendant filed this § 2255 motion alleging ineffective assistance of counsel in several respects. On March 15, 2007, Defendant filed an amendment to the §2255 motion, claiming that the Government had violated his Sixth Amendment rights by allegedly allowing him to be interviewed by government agents while he was represented by counsel.

The Government has moved for summary judgment. In his response to the Government's motion, Defendant indicates that he does not challenge the Government's motion on his Second, Third, and Fifth Grounds for relief. Additionally, Defendant presents no argument in his response relating to the claim presented in his Amendment; therefore, the Government is entitled to summary judgment on Grounds Two, Three, Five, and Six (the amendment). The remaining claims for relief contend that his attorney was ineffective in failing to file a motion to compel the Government to comply with its "promise" to make a motion for downward departure at sentencing (Ground Four) and that he (Defendant) allegedly directed counsel to file a notice of appeal which counsel did not do (Ground One).

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Petitioner must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Petitioner. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

2

*See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). In the context of a guilty plea, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's error, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

### Ground One

Defendant maintains in his first ground for relief that his attorney "never informed the defendant that he had a right to appeal a judgement [sic] or sentence upon entering a guilty plea." Mot. for Relief at 4 (Dkt. # 41, filed Feb. 15, 2007). Defendant also contends that he directed his attorney to file a notice of appeal after his sentencing, but that his attorney failed to do so.

In certain circumstances, an attorney is constitutionally required to "consult" with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The Court stated in *Roe* that an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. *Id.* at 480. In assessing whether an attorney had a constitutional duty to consult, the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving guilty pleas, the Court instructed lower courts to consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

As to the prejudice prong of the *Strickland* test, the Court observed that a presumption of

prejudice applies when an attorney's deficient performance deprives the defendant of an appeal. *Id.* at 483. Thus, where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the "forfeiture" of the appellate proceeding. *Id.* If the defendant did not so instruct his attorney and his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal. *Id.* at 486. Whether the defendant has met the prejudice standard "will turn on the facts of [the] particular case." *Id.* at 485. However, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination." *Id.* In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." *Id.* at 486.

Defendant signed a plea agreement which contained a conditional waiver of his rights of direct appeal and motion for post-conviction relief (except for claims of ineffective assistance of counsel and prosecutorial misconduct). However, the plea agreement also contained a provision that if the Government did not file a motion for downward departure at sentencing pursuant to United States Sentencing Guidelines § 5K1.1, this waiver was void. The Government did not file such a motion at sentencing. Therefore, Defendant retained, *inter alia*, his right of direct appeal.

Defendant's attorney, Allen B. Burnside (Burnside) avers that he and Defendant had "extensive" discussions about Defendant's appeal rights "on the date he signed his plea agreement . . . ." Burnside Aff. at 1 (Dkt. #52-7, filed May 14, 2007). Indeed, Defendant's own averment, wherein he indicates that he "told counsel on several occasions during consultation visits to file an appeal if the Government did not file" a downward departure motion, Harvey Aff. at 1 (Dkt. # 64,

4

filed Aug. 9, 2007), contradicts his "no consultation" assertion. Therefore, this aspect of the first ground for relief is utterly without merit.

As to whether Defendant requested that Burnside file an appeal, Burnside avers the defendant "did not request that a notice of appeal be filed on his behalf" at sentencing. *Id.* "The defendant's first mention of an appeal came in a letter dated April 3, 2006 and received [by Burnside] on April 6, 2006. . . . The defendant's letter recognizes that we had discussed his right to file a 2255 and states '. . . I know you did not file and [sic] appeal or did you. I am aware I had only 10 days to file on a guilty plea.'" *Id.*

Defendant has submitted an affidavit in response to Burnside's averments which avers that "I instructed Mr. Burnside to file an [sic] notice of appeal. [Defendant] told counsel on several occasions during consultation visits to file an appeal if the Government did not file a 5K1. [sic] motion at sentencing. Mr. Burnside was also told on Feb[ruary] 16, [20]07 the day before sentencing to file an appeal. . . . Defendant then requested Mr. Burnside to file a notice of appeal in court as well." Harvey Aff. at 1-2 (Dkt. # 64, filed Aug. 9, 2007).

In a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) ( hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion). Therefore, because the record does not conclusively show that Defendant is not entitled to relief, the court must hold an evidentiary hearing on this issue, the specifics of which are addressed in the Conclusion.

### Ground Four – Coerced Plea and Failure to "Compel" Government to File Motion for Downward Departure

Defendant contends in his fourth ground for relief that his counsel was ineffective as counsel allegedly "coerced" Defendant into entering into a plea agreement with the Government. Defendant

also contends in this ground that counsel was ineffective in failing to move to compel the Government's compliance with its "promise" to file a § 5K1.1 motion at sentencing.

During Defendant's plea hearing, conducted pursuant to Federal Rule of Criminal Procedure 11, Defendant indicated under oath that he had read and understood the plea agreement, and that no one had threatened him or coerced him into pleading guilty.  *See* Plea Hearing Tr. at 13-14 (Dkt. # 66, filed Aug. 27, 2007).  Defendant presents no argument, other than his belief that he had earned a § 5K1.1 motion, that his attorney "coerced" him into entering into a plea agreement with the Government.  Additionally, having stated just the opposite under oath during his plea hearing, Defendant's statements made during his plea colloquy bar his subsequent contentions to the contrary.  "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977).  "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74,  because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.  *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003); *see Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc).  "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71.

As to whether the Government was bound to file a motion for downward departure, Defendant was aware of the possibility that the Government might not file a § 5K1.1 motion at

sentencing as evidenced by the plea agreement's provision that if the Government did not file such a motion, he would retain his post-conviction rights, including his right to direct appeal. Because the Government retained the discretion to determine whether the assistance that Defendant may have provided prior to sentencing was substantial, there was nothing for counsel to compel. If Defendant felt that the Government was not living up to its "promise," the plea agreement also contained a provision which entitled him to require the Government to "advise the sentencing [c]ourt of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant . . . ." Plea Agreement ¶ 13 (Dkt. # 31, filed Sept. 28, 2005).

Defendant's fourth ground for relief is without merit, and the Government is therefore entitled to summary judgment on this ground.

**Conclusion**

The Government's motion for summary judgment is granted as to Defendant's Grounds for relief Two, Three, Four, Five, and Six (the amendment). This court must hold an evidentiary hearing on Defendant's claim that he directed counsel to file an appeal. A hearing is set in this matter for **Tuesday, October 2, 2007, at 2:00 p.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of whether Defendant directed counsel to file an appeal. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints Jonathan M. Milling, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Petitioner during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 28, 2007

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\05-605 USA v. Harvey e gi sumjgm evidentiary hrg.wpd