IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:05-605-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Ervan M. Harvey, Jr.,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion to vacate filed in this court pursuant to 28 U.S.C. § 2255. Defendant has also filed a motion to proceed *in forma pauperis* (*ifp*) and a motion for appointment of counsel.

Defendant's failure to secure permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an

---

[1]The indictment indicates Defendant's full name to be "Ervan Matthew Harvey, Jr." However, Defendant indicated during his Rule 11 hearing that his full name is "Ervan Harvey, Jr."

1

order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission and securing said permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.[2] Defendant's motion to proceed *ifp* is **granted** and his motion for appointment of counsel is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[2] Defendant has twice sought permission from the Fourth Circuit Court of Appeals to file a second or successive motion for relief under 28 U.S.C. § 2255. Both times, permission has been denied. *See* Dkt. # 103 (filed July 24, 2009) and Dkt. # 104 (filed Aug. 2, 2010).

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2010