IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:05-605 -CMC |
| v. | |
| Ervan Matthew Harvey, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's motion to "reconsider or modify GPS home detention monitor." ECF No. 183. The United States Probation Office has notified this court that it is opposed to the modification of Defendant's supervised release.

Title 18 United States Code Section 3583(e) provides that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

Federal Rule of Criminal Procedure 32.1(c) notes that for a modification of supervised release, the court must hold a hearing unless the relief sought is favorable to the person and does

not extend the term of supervised release.  Such is the case with Defendant's motion; therefore, a hearing is not required.

Defendant has previously had his supervised release revoked twice after being released from prison on the underlying offense.  See ECF Nos. 138, 170 (Judgments for Revocation).  His initial term of supervised release was revoked because he was charged with new criminal conduct for assaulting his sister and niece, and failing to notify his officer of a change of address.  At the first revocation hearing, Defendant was sentenced to custody of the Bureau of Prisons ("BOP") for two months, followed by two years supervised release including home confinement with GPS monitoring for the first 6 months. ECF No. 138. Defendant has recently been released from prison after a revocation of his second period of supervised release.  *See* ECF No. 170.  His second term was revoked because he admitted to using illegal drugs and failed to abide by home confinement multiple times.  As part of the sentence announced at that revocation hearing, after fourteen months imprisonment, Defendant "shall be placed on supervised release for two years with standard and special conditions to include home confinement with GPS monitoring for the first 5 months of supervision. . . ." *Id.*

The United States Probation Office has notified the court that, due to Defendant's past supervision history and the nature of his past violations, it believes home confinement with GPS monitoring to be appropriate in this case.  The court finds that modification of Defendant's supervised release is not warranted due to his previous violations regarding the very aspect of supervised release that Defendant wishes to modify: home confinement with GPS monitoring. Accordingly, the court declines to modify supervision.  Defendant's motion is **denied.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
May 31, 2016

3